IN THE UNITED STATES DISTRICT COURT
FOR THE
TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>               Plaintiff,<br><br>vs.<br><br>Peter B. Blas,<br>               Defendant. | USDC Cr. Cs. No.: 05-00022-001 |

**Re:** **Violation Report; Request for Modification of Release Conditions**

On February 24, 2005, Peter B. Blas made an Initial Appearance in U.S.D.C. Criminal Case Number 05-00018 on a Complaint charging him with Assimilative Crimes Act-Possession of a Concealed Weapon, as a Felony, in violation of 10 GCA §§ 60109, 60108(e), and 60121(c) and 18 U.S.C. §§ 7(3) and 13. He was released on the same date on a personal recognizance bond with conditions that he report to the U.S. Probation Office as directed; surrender any passport to the Clerk of Court, District Court of Guam; obtain no passport; reside at Yigo, Guam; refrain from possessing a firearm, destructive device, or other dangerous weapon; refrain from excessive use of alcohol; refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; submit to any method of testing required by a pretrial services officer or the supervising officer for determining whether he is using a prohibited substance; and not come within 100 yards of any military installation, land, or federal property, except the U.S. Courthouse.

On March 9, 2005, an Indictment was handed down by the Federal Grand Jury, in U.S.D.C. Criminal Case Number 05-00022 charging the defendant with Assimilative Crimes Act-Possession of a Concealed Weapon, as a Felony, in violation of 10 GCA §§ 60109, 60108(e), and 60121(c) and 18 U.S.C. §§ 7(3) and 13 and Entering Military Property, as a Misdemeanor, in violation of 18 U.S.C. §1382. He was released on the same conditions as previously imposed in U.S.D.C. Criminal Case Number 05-00018 during an arraignment hearing on March 18, 2005. On March 17, 2005, the Complaint in U.S.D.C. Cr. Cs. No. 05-00018-001 was dismissed.

On March 9, 2005, an Informational Report was filed with the Court after Mr. Blas admitted to use of methamphetamine. On April 13, 2005, an Informational Report was filed with the Court after Mr. Blas failed to provide urine samples for urinalysis and failed to report for urinalysis. He is alleged to have violated the following condition:

Violation Report; Request for Modification of Release Conditions
Re: BLAS, Peter B.
USDC Cr. Cs. No. 05-00022-001
April 29, 2005
Page 2

**Special Condition:** *The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.* On April 10, 2005, Mr. Blas tested positive for use of methamphetamine at the drug testing vendor. The sample was sent to Quest Laboratories for confirmation testing because Mr. Blas denied use of illicit substances. On April 12, 2005, this officer met with Mr. Blas to discuss his noncompliance with drug testing. On April 12, 2005, he denied use of methamphetamine on April 10, 2005, stating that he "took an energy supplement" he purchased at a gas station. It is noteworthy to mention that Mr. Blas was subjected to a urinalysis, which tested positive for methamphetamine on April 12, 2005. The sample was sent to Quest Laboratories for confirmation testing because Mr. Blas denied use of illicit substances. On April 18, 2005, this officer received the laboratory report which indicated a positive result for methamphetamine for the April 12, 2005 drug test. However, the result fell within the 72-hour window for metabolism in his body from the April 10, 2005 positive drug test. On April 21, 2005, this officer received the laboratory report which indicated a positive result for methamphetamine for the drug test conducted on April 10, 2005.

On April 19, 2005, this officer met with Mr. Blas again to discuss his noncompliance with drug testing. He stated he wanted to speak with his attorney prior to this officer addressing any violations. On April 25, 2005, this officer met with Mr. Blas again, who stated he had discussed his drug use with his attorney. He executed an admission form, admitting to using crystal methamphetamine on the evening of April 9, 2005. Mr. Blas also failed to report to his probation officer the following day as required after the positive urinalysis.

**Special Condition:** *The defendant shall submit to any method of testing required by the pretrial services office or supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweatpatch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.* On April 14, 2005, Mr. Blas failed to provide a urine sample (stall). Mr. Blas also failed to report to his probation officer the following day as required after the stall. It is noteworthy to mention that on April 26, 2005, this officer received a letter from Dr. Brian Bates, who verified Mr. Blas's difficulty with providing a urine specimen. He recommended that Mr. Blas be given up to thirty minutes to provide a urine sample when required.

Violation Report; Request for Modification of Release Conditions
Re: BLAS, Peter B.
USDC Cr. Cs. No. 05-00022-001
April 29, 2005
Page 3

In light of the above violations, it is recommended that the Court modify Mr. Blas' pretrial release conditions, pursuant to 18 U.S.C. §3142(c)(3) to include:

> The defendant shall participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is further ordered that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office.

Mr. Blas and his attorney have agreed to the proposed modification and have executed Probation Form PS42, Consent to Modify Conditions of Release, which is attached. His compliance will continue to be closely monitored. Any further violations will be reported to the Court accordingly.

Respectfully submitted,

By: _____
JOHN W. SAN NICOLAS II
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

Attachment
cc: Joseph Tock, Special Assistant U.S. Attorney
    Kim Savo, Defense Attorney
    File