KIM SAVO
Assistant Federal Public Defender
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone:    (671) 472-7111
Facsimile:    (671) 472-7120

Attorney for Defendant
PETER B. BLAS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 05-00022 |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S PROPOSED JURY |
| | ) | INSTRUCTIONS |
| vs. | ) | |
| | ) | |
| PETER B. BLAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  Defendant, Peter B. Blas, by and through his counsel of record, Kim Savo, Assistant

Federal Public Defender hereby submits the following proposed substantive jury instructions in the

above-captioned case.

  Mr. Blas respectfully request leave to include such other and additional instructions

as may become appropriate during the course of trial.

  DATED: Mongmong, Guam, May 31, 2005.

KIM SAVO
Attorney for Defendant
PETER B. BLAS

# TABLE OF CONTENTS

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.1 -- Duty of the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.2 -- The Charge - Presumption of Innocence - . . . . . . . . . . . . . . . . . . . . . 2

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions,
(5th Ed. 2000), Section 12.10 Presumption of Innocence, Burden of Proof,
and Reasonable Doubt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.3 -- What is Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.4 -- What is Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.5 -- Evidence of Limited Purpose . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.6 -- Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . 7

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.7 -- Ruling on Objections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.8 -- Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.9 -- Conduct of Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.10 -- No Transcript Available to Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.11 -- Taking of Notes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.12 - Outline of Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.1 Duties of Jury to Find Facts and Follow Law} . . . . . . . . . . . . . . . . . . . . . 14

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 218-19, § 13.01
(5th Ed. 2000), [The Nature of Offense Charged](modified to reflect charge) . . . . . . . . . . . . . . 15

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.2 -- Charge Against Defendant Not Evidence -
Presumption of Innocence - Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.11 -- Activities Not Charged . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.6 -- What is Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.7 -- What is Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.8 -- Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . 20

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.9 -- Credibility of Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.3 -- Defendant's Decision Not to Testify . . . . . . . . . . . . . . . . . . . . . . . . . 22

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 2.4 -- Stipulations of Fact . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

10 Guam Code Ann. § 60108(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

10 Guam Code Ann. § 60100 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

18 U.S.C. § 1382 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 5.3 -- Attempt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 7.4 -- Jury Consideration of Punishment .......................... 28

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 7.1 -- Duty to Deliberate ....................................... 29

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 7.2 - Consideration of Evidence ................................ 30

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 7.3 -- Use of Notes ........................................... 31

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 7.6 -- Communication with Court ................................ 32

iii

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 1**
*[Preliminary Instruction]*

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions No. 1.1 (2003) [Duty of Jury]

1

## COURT'S INSTRUCTION NO. __
## PROPOSED INSTRUCTION NO. 2
### *[Preliminary Instruction]*

This is a criminal case brought by the United States government. The government charges that (1) the defendant violated the Assimilative Crimes Act, Title 18, United States Code Sections 7(3) and 13, by possessing a concealed weapon in violation of Title 10, Guam Code Sections 60108(e), 60109, 60121; and (2) the defendant violated Title 18, United States Code Section 1382, by going upon a United States military reservation, for a purpose prohibited by law, namely intending to engage in conduct in violation of Title 16, United States Code Section 3372(a)(3)(A) and Title 5 Guam Code Section 63121, that is attempting to take wildlife without a license.

The charges against the defendant are contained in the indictment. The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of anything.

These instructions are preliminary and the instructions I will give at the end of the case will control.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

Ninth Circuit Model Criminal Jury Instruction No. 1.2 (2003) [The Charge - Presumption of Innocence] (modified to reflect charge)

2

**COURT'S INSTRUCTION NO. \_\_**
**PROPOSED INSTRUCTION NO. 3**
*[Preliminary Instruction]*

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"– with no evidence against him. The indictment as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense- - the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, the defendant has committed each and every element of the offense charged in the indictment, you must find defendant not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions- - one of innocence, the other of guilt- - the jury must, of course, adopt the conclusion of innocence. [1]

---

[1] O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> (5th Ed. 2000), Section 12.10 Presumption of Innocence, Burden of Proof, and Reasonable Doubt

3

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 4**
*[Preliminary Instruction]*

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received into evidence; and

(3)     any facts to which all the lawyers stipulate.

Ninth Circuit Model Criminal Jury Instruction No. 1.3 (2003) [What is Evidence]

4

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 5**
*[Preliminary Instruction]*

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instruction No. 1.4 (2003) [What is Not Evidence]

5

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 6**
*[Preliminary Instruction]*

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Ninth Circuit Model Criminal Jury Instruction No. 1.5 (2003) [Evidence for Limited Purpose]

6

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 7**
*[Preliminary Instruction]*

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instruction No. 1.6 (2003) [Direct and Circumstantial Evidence]

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions No. 1.7 (2003) [Ruling on Objections]

8

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 9**
*[Preliminary Instruction]*

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Ninth Circuit Model Criminal Jury Instruction No. 1.8 (2003) [Credibility of Witnesses]

9

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 10**
*[Preliminary Instruction]*

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Ninth Circuit Model Criminal Jury Instruction No. 1.9 (2003) [Conduct of Jury]

10

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 11**
*[Preliminary Instruction]*

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instruction No. 1.10 (2003) [No Transcript Available to Jury]

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 12**
*[Preliminary Instruction]*

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the court room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Ninth Circuit Model Criminal Jury Instruction No. 1.11 (2003) [Taking Notes]

12

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 13**
*[Preliminary Instruction]*

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instruction No. 1.12 (2003) [Outline of Trial] (two options concerning closing arguments presented for court to select preference)

13

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 14**
*[Instructions at the End of Case]*

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instruction No. 3.1 (2003) [Duties of Jury to Find Facts and Follow Law]

14

The indictment charges that on or about February 23, 2005, in the District of Guam, on land acquired for the use of the United States and under the concurrent jurisdiction thereof, the defendant, Peter B. Blas, did knowingly carry a firearm, that is a .357 caliber Colt King Cobra, serial number KK5916 with ammunition, in his motor vehicle in such a manner it could not be seen by the naked eye, but was available for use by Peter B. Blas, without having first received permission to so conceal a firearm.

The indictment also charges that on or about February 23, 2005, in the District of Guam, Peter B. Blas went upon a United States military reservation, namely Andersen Air Force Base, for a purpose prohibited by law or lawful regulation, that is intending to engage in conduct in violation of Title 16, United States Code Section 3372(a)(3)(A) and Title 5, Guam Code Section 63121.

The defendant has entered a plea of not guilty to the indictment and has denied that he is guilty of the offenses charged in the indictment.

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 218-19, § 13.01 (5th ed. 2000) [The Nature of Offense Charged] (modified to reflect charge)

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instruction No. 3.2 (2003) [Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof]

16

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 17**
*[Instructions at the End of Case]*

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

Ninth Circuit Model Criminal Jury Instruction No. 3.11 (2003) [Activities Not Charged] (modified to reflect charge)

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 18**
*[Instructions at the End of Case]*

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

Ninth Circuit Model Criminal Jury Instruction No. 3.6 (2003) [What is Evidence]

18

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 19**
*[Instructions at the End of Case]*

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instruction No. 3.7 (2003) [What is Not Evidence] (alternative language included depending on court's practice of whether closing arguments will occur before or after closing instructions)

19

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 20**
*[Instructions at the End of Case]*

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instruction No. 3.8 (2003) [Direct and Circumstantial Evidence]

20

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 21**
*[Instructions at the End of Case]*

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness's testimony;

(6)    the reasonableness of the witness's testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Ninth Circuit Model Criminal Jury Instruction No. 3.9 (2003) [Credibility of Witnesses]

21

**(This Instruction is Not Necessary if the Defendant
Testifies.  Instead, Ninth Circuit Model Criminal Jury Instruction No 3.4 should be used.)**

A defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

Ninth Circuit Model Criminal Jury Instruction No. 3.3 (2003) [Defendant's Decision Not to Testify] (This Instruction is Not Necessary if the Defendant Testifies.  Instead Ninth Circuit Model Criminal Jury Instruction No. 3.4 should be used.)

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

Ninth Circuit Model Criminal Jury Instruction No. 2.4 (2003) [Stipulations of Fact]

23

*[Instructions at the End of Case]*

The defendant is charged in the indictment with carrying a concealed weapon in violation of Guam law on land acquired for the use of the United States.

It is a violation of Guam law for any person to carry a concealed firearm without a valid identification card demonstrating permission to carry a concealed weapon.

In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

(1) the defendant was on a United States military reservation;
(2) the defendant carried a firearm on his person or within a vehicle;
(3) in such a manner that it could not be seen by the naked eye;
(4) but that firearm would be available for use by the defendant or any other person aware of the firearm's existence.

A firearm is <u>not</u> concealed when it is:

(1) within a locked portion of any vehicle;
(2) unloaded;
(3) with the ammunition stored outside the firearm or any clip or ammunition storage chamber attached to the firearm;
(4) outside the immediate reach of the person so placing the weapon or any other person knowing of its existence.[2]

---

[2] 10 G.C.A. § 60108(e).

24

*[Instructions at the End of Case]*

A "firearm" is any weapon, the operating force of which is an explosive. Among other things, this definition includes pistols, revolvers, rifles, shotguns, machine guns, and automatic rifles.

A pellet gun is <u>not</u> a firearm.

10 G.C.A. § 60100

25

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 26**
*[Instructions at the End of Case]*

The defendant is charged in the indictment with intentionally going upon a United States military reservation, namely Andersen Air Force Base, for a purpose prohibited by law or lawful regulation, that is attempting to take wildlife without a license in violation of Guam law.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant was on a United States military reservation.

Second, that the defendant had the specific intent to enter the military reservation for a purpose prohibited by law; namely, to attempt to take wildlife without a license.

26

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 27**
*[Instructions at the End of Case]*

The defendant is charged in the indictment with going onto a military reservation with the intention to attempt to take wildlife without a license. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to take wildlife without a license; and

Second, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

It is a crime to take wildlife without a license.

Mere preparation is not a substantial step toward the commission of the taking of wildlife without a license.

Ninth Circuit Model Criminal Jury Instruction No. 5.3 (2003) [Attempt]

27

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 28**
*[Instructions at the End of Case]*

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instruction No. 7.4 (2003) [Jury Consideration of Punishment]

28

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 29**
*[Instructions at the End of Case]*

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Model Criminal Jury Instruction No. 7.1 (2003) [Duty to Deliberate]

29

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

Ninth Circuit Model Criminal Jury Instruction No. 7.2 (2003) [Consideration of Evidence]

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 31**
*[Instructions at the End of Case]*

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Ninth Circuit Model Criminal Jury Instruction No. 7.3 (2003) [Use of Notes]

31

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 32**
*[Instructions at the End of Case]*

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Criminal Jury Instruction No. 7.6 (2003) [Communication With Court]

32

## CERTIFICATE OF SERVICE

I, ALEXANDER A. MODABER, hereby certify that a true and exact copy of the

foregoing document was duly mailed and/or hand-delivered to the following on June 1, 2005:

JOSEPH TOCK
Special Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

DATED: Mongmong, Guam, June 1, 2005.

_____
Alexander A. Modaber
Investigator

KIM SAVO
Attorney for Defendant
PETER B. BLAS