PS 8
(8/88)

# United States District Court

for

THE DISTRICT OF GUAM

U.S.A. vs:     Peter Benavente Blas     Docket No.     CR#05-00022-001

### Petition for Action on Conditions of Pretrial Release

COMES NOW     JOHN W. SAN NICOLAS II     PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant    Peter Benavente Blas    who was placed under pretrial release supervision by the Honorable    Joaquin V.E. Manibusan, Jr., Magistrate Judge    sitting in the court at    Hagatna, Guam    on the   18th   date of   March  , 20   05   under the following conditions:

*Please see Order Setting Conditions of Release filed on March 18, 2005 and Consent to Modify Conditions of Release filed on May 3, 2005.*

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

(If short insert here; if lengthy write on separate sheet and attach)

*Please see attached violation report.*

**FILED**
DISTRICT COURT OF GUAM
JUN - 2 2005
MARY L.M. MORAN
CLERK OF COURT

PRAYING THAT THE COURT WILL

Pursuant to 18 U.S.C. §3148, order that a warrant of arrest be issued, and that this matter be set for a hearing, and at that hearing, the defendant be held to answer or show cause why bail should not be revoked or why conditions of release should not be modified, or for any other matter for which the Court may deem just and proper.

ORDER OF COURT

Considered and ordered this ___ day of _____, 20 05 and ordered filed and made a part of the records in the above case.

_____
U.S. District Judge/Magistrate

Respectfully,
_____
John W. San Nicolas II
U.S. Pretrial Services Officer

Place:    Hagåtña, Guam

Date:    May 31, 2005

**RECEIVED**
JUN - 1 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF GUAM

| | |
|---|---|
| United States of America<br>Plaintiff,<br><br>vs.<br><br>BLAS, Peter Benavente,<br>Defendant. | USDC Cr. Cs. No. 05-00022-001<br><br>DECLARATION IN SUPPORT OF PETITION |

**Re:** **Violation Report, Request for a Warrant of Arrest**

I, U.S. Probation Officer John W. San Nicolas II, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of pretrial for Peter Benavente Blas, and in that capacity declare as follows:

On February 24, 2005, Peter B. Blas made an Initial Appearance in U.S.D.C. Criminal Case Number 05-00018 on a Complaint charging him with Assimilative Crimes Act-Possession of a Concealed Weapon, as a Felony, in violation of 10 GCA §§ 60109, 60108(e), and 60121(c) and 18 U.S.C. §§ 7(3) and 13. On the same date he was released on a personal recognizance bond with conditions that he report to the U.S. Probation Office as directed; surrender any passport to the Clerk of Court, District Court of Guam; obtain no passport; reside at Yigo, Guam; refrain from possessing a firearm, destructive device, or other dangerous weapon; refrain from excessive use of alcohol; refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; submit to any method of testing required by a pretrial services officer or the supervising officer for determining whether he is using a prohibited substance; and not come within 100 yards of any military installation, land, or federal property, except the U.S. Courthouse. On March 9, 2005, an Informational Report was filed with the Court after Mr. Blas admitted to use of methamphetamine.

On March 9, 2005, an Indictment was handed down by the Federal Grand Jury, in U.S.D.C. Criminal Case Number 05-00022 charging the defendant with Assimilative Crimes Act-Possession of a Concealed Weapon, as a Felony, in violation of 10 GCA §§ 60109, 60108(e), and 60121(c) and 18 U.S.C. §§ 7(3) and 13 and Entering Military Property, as a Misdemeanor, in violation of 18 U.S.C. §1382. On March 17, 2005, the Complaint in U.S.D.C. Cr. Cs. No. 05-00018-001 was dismissed. On March 18, 2005, Mr. Blas was released on the same conditions previously ordered. On April 13, 2005, an Informational Report was filed with the Court after Mr. Blas failed to provide urine samples for urinalysis and failed to report for urinalysis. On May 3, 2005, conditions were modified by the Court to include that Mr. Blas participate in drug treatment. He is alleged to have violated the following condition:

**Special Condition:** *The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.* On May 12, 2005, Mr. Blas tested presumptive positive for methamphetamine at the drug testing vendor. He executed an admission form, admitting to using "ice" on May 11, 2005. On May 13, 2005, Mr. Blas failed to report to the probation office as required for a noncompliance meeting. This officer spoke with his wife

Declaration in Support of Petition
Violation Report, Request for a Warrant of Arrest
Re:    BLAS, Peter B.
USDC Cr. Cs. No. 05-00022-001
May 31, 2005
Page 2

on the same date. She related he was aware he had to report. Attempts to contact Mr. Blas have been unsuccessful. This is Mr. Blas' third documented positive urinalysis for methamphetamine.

**Special Condition:** *The defendant shall submit to any method of testing required by the pretrial services office or supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweatpatch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.* On April 28, 2005, Mr. Blas failed to report for urinalysis. In addition, he failed to report to this probation officer for a compliance meeting the following day as required. On May 5, 2005, this officer met with Mr. Blas, who stated that he fell asleep and did not wake up in time to report for his urinalysis. He also stated that he did not report as required to the probation office as he felt he would be arrested. This is Mr. Blas' second documented non-appearance for urinalysis.

**Special Condition:** *The defendant shall participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is further ordered that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office.* On May 17, 2005, Mr. Blas failed to report for his substance abuse counseling appointment. In addition, he failed to report to this probation officer for a compliance meeting the following day as required. On May 19, 2005, this officer spoke with his wife, who related that she contacted the treatment vendor and informed Dr. Avery that Mr. Blas did not feel well and would not report for his counseling appointment. Mr. Blas' wife also stated that she found Mr. Blas asleep when she returned home from work. This is Mr. Blas' first documented non-appearance for counseling.

**Supervision Compliance:** The probation officer has no information that suggests that the defendant has not complied with other conditions of pretrial release.

**Recommendation:** The Probation Officer respectfully requests that pursuant to 18 U.S.C. §3148, that this matter be scheduled for a hearing and a warrant of arrest be issued for the defendant's appearance at that hearing to determine if his bail should be revoked or modified.

Respectfully submitted,

By: _____
JOHN W. SAN NICOLAS II
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:    Joseph Tock, Special Assistant U.S. Attorney
       Kim Savo, Defense Attorney
       File

AO 199A (Rev. 6/97) Order Setting Conditions of Release

RECEIVED
U.S. Probation Office

MAR 2 1 2005

Districts of Guam
and NMI

# UNITED STATES DISTRICT COURT

FILED
DISTRICT COURT OF GUAM

MAR 1 8 2005

MARY L.M. MORAN
CLERK OF COURT

District of _____ GUAM

United States of America

V.

**PETER B. BLAS**

_____
Defendant

**ORDER SETTING
CONDITIONS OF RELEASE**

Case Number: **CR-05-00022**

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence directed. The defendant shall appear at (if blank, to be    **U.S. DISTRICT COURT**
   Place

   **HAGATNA, GUAM**    on    **MAY 9, 2005 at 9:30 A.M.**
   Date and Time

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(   ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION: COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
   (Name of person or organization) _____
   (Address) _____
   (City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____      _____
           Custodian or Proxy                Date

( X ) (7) The defendant shall:
- ( X ) (a) report to the **U.S. PROBATION OFFICE** telephone number _____, not later than **AS DIRECTED**.
- ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
- ( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described
- ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____.
- ( ) (e) maintain or actively seek employment.
- ( ) (f) maintain or commence an education program.
- ( X ) (g) surrender any passport to: **Clerk of Court, District Court of Guam, 4th Floor, U.S. Courthouse, 520 West Soledad Avenue., Hagatna, Guam 96910**
- ( X ) (h) obtain no passport.
- ( X ) (i) abide by the following restrictions on personal association, place of abode, or travel: **SHALL RESIDE AT YIGO, GUAM**
- ( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____
- ( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____
- ( ) (l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):
- ( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
- ( X ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- ( X ) (o) refrain from ( ) any ( X ) excessive use of alcohol.
- ( X ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- ( X ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
- ( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
- ( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
- ( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
  - ( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
  - ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
  - ( ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
- ( ) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
- ( X ) (v) **NOT COME WITHIN 100 YARDS OF ANY MILITARY INSTALLATION, LAND, OR FEDERAL PROPERTY (EXCEPT THE U.S. COURTHOUSE)**
- ( ) (w) _____
- ( ) (x) _____

DISTRIBUTION: COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
   (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
   (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
   (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
   (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Peter B. P_____
Signature of Defendant

_[redacted]_
Address

_Yigo Guam_             _653-6320_
City and State          Telephone

### Directions to United States Marshal

( X ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _March 18, 2005_          _[signature]_
                                Signature of Judicial Officer

JOAQUIN V.E. MANIBUSAN, JR., MAGISTRATE JUDGE
Name and Title of Judicial Officer

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

PS 42
(Rev. 7/93)

# United States District Court
## District Of

United States of America )
)
vs. )
)
Peter B. Blas ) Case No. 05-00022-001

FILED
DISTRICT COURT OF GUAM
MAY - 3 2005
MARY L.M. MORAN
CLERK OF COURT

## CONSENT TO MODIFY CONDITIONS OF RELEASE

I, __Peter B. Blas__, have discussed with __John W. San Nicolas II__, Pretrial Services/Probation Officer, modifications of my release conditions as follows:

1. **The defendant shall participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is further ordered that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office.**

I consent to this modification of my release conditions and agree to abide by this modification.

_Signature of Defendant_ — 4/25/05
_Pretrial Services/Probation Officer_ — Apr 25, 2005

I have reviewed the conditions with my client and concur that this modification is appropriate.

_Signature of Defense Counsel_ — Date 4/25/05

[X] The above modification of conditions of release is ordered, to be effective on __4/25/05__.
[ ] The above modification of conditions of release is *not* ordered.

_Signature of Judicial Officer/Joaquin V.E. Manibusan, Jr._
U.S. Magistrate Judge — Date 5/3/05