FILED
DISTRICT COURT OF GUAM

JUN -2 2005

MARY L.M. MORAN
CLERK OF COURT



JOHN T. GORMAN
Federal Public Defender
District of Guam

KIM SAVO
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone:  (671) 472-7111
Facsimile:  (671) 472-7120

Attorney for Defendant
PETER B. BLAS

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) 05-00022 |
|---|---|
| Plaintiff, | ) |
| | ) MOTION *IN LIMINE* TO EXCLUDE |
| | ) GOVERNMENT'S PROPOSED EXHIBIT |
| vs. | ) NO. 14 |
| | ) |
| PETER B. BLAS, | ) |
| | ) |
| Defendant. | ) |

## MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT'S PROPOSED EXHIBIT NO. 14

Defendant, PETER B. BLAS, by and through counsel, Kim Savo, Assistant

Federal Public Defender, respectfully moves this for an order excluding from evidence

Government's proposed exhibit number 14.

*ORIGINAL*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The government charges that (1) the defendant violated the Assimilative Crimes Act, Title 18, United States Code Sections 7(3) and 13, by possessing a concealed weapon in violation of Title 10, Guam Code Sections 60108(e), 60109, 60121; and (2) the defendant violated Title 18, United States Code Section 1382, by going upon a United States military reservation, for a purpose prohibited by law, namely intending to engage in conduct in violation of Title 16, United States Code Section 3372(a)(3)(A) and Title 5 Guam Code Section 63121, that is attempting to take wildlife without a license.

On February 23, 2005, at approximately 1:30 in the afternoon, in full daylight, Mr. Blas was arrested by Andersen Security officers on the telephone line road running parallel to Marine Drive in the vicinity of Andersen Air Force Base-South. Conservation Officers observed Mr. Blas exit the jungle area onto the telephone line road. At the time of his arrest, Mr. Blas was in possession of a machete and an SKS rifle. Mr. Blas's unattended pick-up truck was parked on the telephone line road. Prior to a search of his vehicle, Mr. Blas notified Conservation and Andersen Security Officers that there was a pellet gun and a handgun located inside the vehicle.

During the search, officers seized, among other things, a bag containing various flashlights and batteries. The government proposes to introduce a photograph of these flashlights and batteries as evidence in Government's Proposed Exhibit No. 14.

2

The Court should exclude Government's Proposed Exhibit No. 14 from evidence because it is irrelevant to the charges, and the danger of prejudice outweighs any probative value of the proposed exhibit.

## II.

## ARGUMENT

Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

Government's Proposed Exhibit No. 14 has absolutely no relevance to the first count of the indictment. The only conceivable relevance of this exhibit is to the second count, alleging that Mr. Blas went onto military property with the intent to attempt to take wildlife. The photograph of the flashlights and batteries does not tend to make the existence of a fact of consequence more probable. Flashlights do not tend to show attempted hunting at 1:30 p.m. in the afternoon. Thus, Government's Proposed Exhibit No. 14 is irrelevant.

Moreover, introduction of evidence of the flashlights is designed to imply that Mr. Blas is someone who uses flashlights to hunt, which is illegal under Guam law. Such a suggestion is prejudicial because it paints a picture of Mr. Blas as someone who is generally not law abiding. Rule 403 of the Federal Rules of Evidence provides that even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of

3

the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Weighing the negligible –if any– probative value of the flashlights against the prejudice of leading the jury to believe that Mr. Blas is someone who generally breaks the law rather than forwarding the government's case on the instant charges, the Court should exclude Government's Proposed Exhibit No. 14.

DATED: Mongmong, Guam, June 2, 2005.

*[signature]*
KIM SAVO
Attorney for Defendant

4

# CERTIFICATE OF SERVICE

I, ALEXANDER A. MODABER, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following on June 2, 2005:

JOSEPH TOCK
Special Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

DATED: Mongmong, Guam, June 2, 2005.

_____
ALEXANDER MODABER
Investigator

KIM SAVO
Attorney for Defendant
PETER B. BLAS