

FILED

DISTRICT COURT OF GUAM

JUN 15 2005

MARY L.M. MORAN
CLERK OF COURT



1
2
3
4
5
6

**DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**

7
8
9
10

UNITED STATES OF AMERICA,

Criminal Case No. 05-00022

11

Plaintiff,

12

vs.

13

PETER B. BLAS,

14

Defendant.

15
16
17
18

**FINAL JURY INSTRUCTIONS**

19
20
21
22

Dated: June 15, 2005.

23

RICARDO S. MARTINEZ*
Designated Judge

24
25
26
27
28

*The Honorable Ricardo S. Martinez, United States District Judge for the Western District of Washington, by designation.

# COURT'S INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

1
2
3      The indictment in this case accuses the defendant, PETER B. BLAS of the crime of
4  Assimilative Crimes Act - Possession of a Concealed Weapon as a Felony.
5
6      **Count I** of the indictment states that on or about February 23, 2005, in the District of
7  Guam, on land acquired for the use of the United States and under the concurrent jurisdiction
8  thereof, the defendant, PETER B. BLAS, did knowingly carry a firearm, that is a .357 caliber Colt
9  King Cobra, serial number KK5916 with ammunition, in his motor vehicle in such a manner it
10 could not be seen by the naked eye, but was available for use by PETER B. BLAS, without having
11 first received permission to so conceal said firearm, in violation of Title 10, Guam Code
12 Annotated, Sections 60109, 60108(e) and 60121(c), and Title 18, United States Code, Sections
13 7(3) and 13.
14
15      The indictment is not evidence. The defendant has pleaded not guilty to the charge.
16 The defendant is presumed to be innocent and does not have to testify or present any evidence to
17 prove innocence. The government has the burden of proving every element of the charge beyond
18 a reasonable doubt.
19
20
21
22
23
24
25
26
27
28

# COURT'S INSTRUCTION NO. 3

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## COURT'S INSTRUCTION NO. 4

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

**COURT'S INSTRUCTION NO. 5**

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

# COURT'S INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**COURT'S INSTRUCTION NO. 8**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicted the witness's testimony;

(6)  the reasonableness of the witness's testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**COURT'S INSTRUCTION NO. 9**

You have heard testimony that the defendant made statements. It is for you to decide (1) whether the defendant made the statements and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

# COURT'S INSTRUCTION NO. 10

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

## COURT'S INSTRUCTION NO. 11

The defendant is charged in the indictment with carrying a concealed weapon in violation of Guam law on land acquired for the use of the United States.

In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

(1) That on February 23, 2005, PETER B. BLAS knowingly carried in a vehicle a Colt King Cobra, .357 caliber revolver, serial number KK5916, with ammunition;

(2) That the Colt King Cobra, serial number KK5916, was carried in the vehicle in such a manner as that it could not be seen by the naked eye, but was available for use by PETER B. BLAS;

(3) That PETER B. BLAS had not received permission from the Guam Police Department to conceal the weapon prior to it being concealed;

(4) That at some time during the concealment of the weapon PETER B. BLAS was located on land acquired for the use by the United States.

## COURT'S INSTRUCTION NO. 12

A "firearm" is any weapon, the operating force of which is an explosive. Among other things, this definition includes pistols, revolvers, rifles, shotguns, machine guns, automatic rifles, noxious gas projectors, mortars, bombs, cannon and submachine guns. The specific mention of certain weapons does not exclude from the definition other weapons operated by explosives.

A pellet gun is <u>not</u> a firearm.

**COURT'S INSTRUCTION NO. 13**

Pistol or revolver means any firearm of any shape whatever and designed to be fired with one hand with a barrel less than twelve inches (12") in length and capable of discharging loaded ammunition or any noxious gas.

# COURT'S INSTRUCTION NO. 14

Guam firearms identification cards must have on its face all of the following information:

(1) The name, address, sex, height and weight of the holder, his birth date, Social Security number, if any, or Guam I.D. number, if any, and the expiration date of the card which shall be three (3) years after the holder's next birthday.

(2) A photograph of the holder taken immediately prior to issuance.

(3) An indication of the type of firearm which may be owned, used, carried, possessed or acquired by the holder, and whether or not the holder may carry the firearm concealed.

(4) A number, unique to the holder, which shall also be assigned to all registration records concerning firearms possessed by the holder.

**COURT'S INSTRUCTION NO. 15**

A firearm is concealed if **ALL** of the following apply to the firearm:

(1)     it is carried on a person or within a vehicle

(2)     it is carried in such a manner that it can not be seen by the naked eye; and

(3)     it was available for use by the person concealing or attempting to conceal the firearm or any other person aware of the firearm's existence.

A firearm is <u>not</u> concealed if **ALL** of the following apply to the firearm:

(1)     it is contained within a locked portion of any vehicle;

(2)     it is unloaded;

(3)     the ammunition is stored outside the firearm or any clip or ammunition storage chamber attached to the firearm; and

(4)     it is outside the immediate reach of the person so placing the weapon or any other person knowing of its existence.

A firearm is concealed if, among other things, it is hidden beneath any article of clothing so that only the shape is visible, but not the firearm itself.

**COURT'S INSTRUCTION NO. 16**

     A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

# COURT'S INSTRUCTION NO. 18

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 19

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# COURT'S INSTRUCTION NO. 20

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

# COURT'S INSTRUCTION NO. 21

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

# COURT'S INSTRUCTION NO. 22

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**COURT'S INSTRUCTION NO. 23**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.